**Julian KARPOFF, Appellant,**

v.

**The HOLLADAY CORPORATION, Appellee.**

**No. 10390.**

District of Columbia Court of Appeals.

Argued May 12, 1976.

Decided Aug. 8, 1977.

Julian Karpoff, pro se.

David W. Buckley, Washington, D.C., for appellee.

Before KERN and HARRIS, Associate Judges, and REILLY, Chief Judge, Retired.

REILLY, Chief Judge, Retired:

This case is before us on an appeal from an order granting summary judgment to the defendant in an action brought by a prospective tenant—appellant here—against the corporate owners of an apartment house. In his complaint, appellant alleged that he was induced by what he described as a "bait and switch" newspaper advertisement on February 11, 1975, to visit the apartment house on the day he read such advertisement. This advertisement, which appeared in a local newspaper, offered "completely renovated apartments" at Connecticut Heights Commons, including one bedroom apartments "from $265."

According to the complaint, the rental agent showed him some one bedroom units, but none at a rental price of less than $285 per month, and advised him that no apartment of that description would be available at $265 until approximately six weeks later, in April 1975. Appellant asked for the following relief: an injunction against defendant's "bait and switch" advertising; $1,000 in punitive damages; and $1,000 in attorney's fees.[1]

After defendant moved to dismiss the claim under Super.Ct.Civ.R. 12(b)(6), appellant stated in opposition that his claim did not lie in any of the common law actions such as fraud, deceit, or misrepresentation, but rather was grounded in the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*, and in the regulations enacted under

---

1. Plaintiff, apparently a practicing lawyer, filed his complaint pro se.

that statute, 16 CFR § 238 (1974), entitled "GUIDES AGAINST BAIT ADVERTISING." Later, he submitted an amendment to his complaint, asserting that "[d]efendant had no intention of renting one bedroom apartments at $265 per month on or within a reasonable period of time after said date, but rather intended to draw prospective customers for higher priced apartments." Defendant moved to dismiss the amended complaint, urging that no cause of action for fraud and deceit was made on these facts because it was undisputed that a one bedroom apartment for $265 per month actually became available approximately six weeks after plaintiff's initial inquiry. Defendant contended that such a brief period of delay before the apartment's availability was not unreasonable in light of the fact that the advertisement had contained no representation that an apartment of that description would be "immediately" available.

Defendant also urged that the case be dismissed because the Superior Court had no jurisdiction under D.C.Code 1973, § 11–1101.[2] The court denied such motion to dismiss and ordered defendant to answer plaintiff's interrogatories. In one of these answers, defendant stated that one apartment at $265 a month was rented in April, about six weeks after plaintiff's first inquiry. In his own affidavit, plaintiff admitted that he was specifically advised that a one bedroom unit at such rental would become available in April. In his motion for summary judgment, defendant contended that this unit would have been reserved for plaintiff had he placed a deposit to hold it at the time of his visit to the premises. Plaintiff did not dispute that contention.

On November 14, 1975, the court granted defendant's motion for summary judgment, finding there was no genuine issue of material fact. Appellant argues that this disposition of the case was error in that defendant's real motive was to induce prospective tenants like himself to occupy apartments at higher rentals that the minima enumerated in the advertisement.

It is unnecessary for us to pass on this question, for the record shows that the motion to dismiss for lack of jurisdiction should have been granted. We reach this conclusion not because the complaint miscited the pertinent provisions of the Code relating to the Superior Court, but because appellant in opposing the motion disclosed that his cause of action was founded on the Federal Trade Commission Act, *supra*, and the regulations of the Commission issued thereunder and published in 16 CFR § 238 (1974). The preamble to these regulations states that such provisions were issued under the authority of ". . . Secs. 5, 6, 38 Stat. 719, as amended, 721; 15 U.S.C. 45, 46 . . . ." All of these references are to sections of the Federal Trade Commission Act of 1914, as revised by the Wheeler–Lea amendments of 1938, and further amendments relating to deceptive advertising and price resale maintenance.

Even assuming that the regulations directed against "bait advertising" on which appellant relied are applicable to advertisements for the sale or rental of real property—a large assumption, as the use in the regulations of the terms "merchandise" and "products" suggests a more limited scope— the text of the relevant provisions of the Act make enforcement the exclusive province of the Federal Trade Commission itself.[3]

The United States courts of appeals for two different circuits have decided that the unfair methods of competition and deceptive acts and practices made unlawful by the Federal Trade Commission Act confer no private right of action upon consumers or classes of consumers aggrieved thereby.

---

2. This section, although cited in the complaint as conferring jurisdiction on the Superior Court, actually defines only the jurisdiction of the Family Division (domestic relations and juvenile matters). That court seemingly deemed this a typographical error, for it treated the case as if § 11–921 had been cited.

3. *See particularly* 15 U.S.C. 45(b) empowering the Commission to issue complaints, conduct hearings, make findings, and issue remedial orders subject to judicial review in the federal courts of appeals. *Id.* at 45(c).

**54**

*Holloway v. Bristol–Myers Corp.*, 158 U.S. App.D.C. 207, 485 F.2d 986 (1973), and *Carlson v. Coca–Cola Co.*, 483 F.2d 279 (9th Cir. 1973), held that 15 U.S.C. 45(a)(1) does not give United States district courts jurisdiction to entertain actions commenced by private litigants. This portion of the *Carlson* decision has been cited with approval in *Polansky v. Trans World Airlines, Inc.*, 523 F.2d 332, 339 (3d Cir. 1975), and in *Handy v. General Motors Corp.*, 518 F.2d 786, 788 (9th Cir. 1975).[4]

If the district courts of the United States have no jurisdiction to entertain such actions as the one brought by appellant here because of the remedial powers vested exclusively in the Commission, it follows *a fortiori* that the Superior Court is also lacking in jurisdiction. Consequently, appellant's suit should have been dismissed on this ground. The case is accordingly remanded for the entry of a judgment consistent with this opinion.

*So Ordered.*

**4.** For other approving dicta, *see Consumer Federation of America v. Upjohn Co.*, D.C.App., 346 A.2d 725, 727 n. 5 (1975); *Action on Safety & Health v. F.T.C.*, 162 U.S.App.D.C. 215, 222, 498 F.2d 757, 764 (1974); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974); and *United States v. J. B. Williams Co.*, 498 F.2d 414, 429 n. 17 (2d Cir. 1974).